UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLIN A.I.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>Respondents. | No. 1:26-cv-05542-RLP<br><br>ORDER GRANTING HABEAS PETITION |

Before the Court is Petitioner Erlin A.I.'s [1] ("Petitioner") petition for writ of habeas corpus, ECF No. 1, motion to appoint counsel, ECF No. 3, and application for temporary restraining order, ECF No. 4. Petitioner challenges the lawfulness of

[1]The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

his civil detention and seeks immediate release or, alternatively, a bond hearing. Respondents acknowledge that this "case is in the category of immigration habeas cases for which the Court has typically ordered immediate release" and do not request that the Court order an alternative remedy. *See* ECF No. 10 at 1. They further "request to submit on this pleading alone without additional documentation or briefing and request that the Court rule on the Petition in its entirety." *Id*.

Petitioner entered the United Stated on December 1, 2023, seeking asylum. ECF No. 12 at 14. He was served with an I-862 and a Notice to Appear, and released on his own recognizance. *Id*.

Petitioner moved to Virginia and checked in annually with his immigration officer. ECF No. 1 at 2. At his check-in on March 20, 2026, he was served with an I-200, Warrant for Arrest of Alien and I-200 and Order of Recognizance forms. ECF No. 12 at 14. On April 10, 2026, he was ordered removed to Guatemala. *Id.* On May 28, 2026, Petitioner reported to the Intensive Supervision Appearance Program for a scheduled appointment. Based on the April 10, 2026, Order, enforcement officers determined the order was executable and took Petitioner into custody to facilitate his removal. *Id*. at 12. Petitioner filed an appeal on June 16, 2026. *Id*. at 1. His appeal remains pending and is therefore not final.

Respondents do not address this issue. Rather, they argue that "[p]etitioner entered the United States illegally" and "is thus an 'applicant for admission' who is

subject to mandatory immigration detention under 8 U.S.C. § 1225(b).” ECF No.10 at 1 (citing *Joaquin Herrera Avila v. Bondi*, No. 25-3741 (8th Cir. March 25, 2026), and *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026)). However, the Ninth Circuit rejected this argument in Rodriguez *Vazquez v. Bostock,* --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026).

As Respondents have not made any new legal arguments and have not identified any factual or legal issues warranting Petitioner’s continued detention, his petition is granted.

**Accordingly, IT IS ORDERED:**

1. The petition for writ of habeas corpus, **ECF No. 1**, is **GRANTED.**
2. The motions to appoint counsel and for a temporary restraining order, **ECF Nos. 3 and 4**, are **DENIED as moot.**
3. Respondent must **IMMEDIATELY RELEASE** Petitioner (A #245523878) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions and shall not impose any additional restrictions on him as a condition of his release. Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.
4. Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including

seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

5. The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

**IT IS SO ORDERED.** Judgment shall be entered in favor of Petitioner and a copy of this order shall be transmitted to Petitioner by mail.

DATED August 7, 2026

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE